IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK HERRING,

                Petitioner,

v.

WILLIAMS,

                Respondent.

OPINION & ORDER

16-cv-364-jdp

---

Pro se petitioner Derrick Herring is a prisoner in the custody of the Federal Bureau of Prisons, currently housed at the Oxford Federal Correctional Institution. Petitioner has filed a petition for a writ of habeas corpus, pursuant to 28 U.S.C. § 2241. Petitioner contends that his current confinement violates the Constitution because: (1) federal courts do not have the authority to convict individuals of drug offenses; and (2) 18 U.S.C. § 922(g)(1) violates the Second Amendment.

The petition is before the court for preliminary review, pursuant to Rule 4 of the Rules Governing Section 2254 Cases. (Courts may apply this rule to habeas petitions not brought pursuant to § 2254, including § 2241 petitions. Rule 1(b), Rules Governing Section 2254 Cases; *see also* 28 U.S.C. § 2243.) Under Rule 4, I will dismiss the petition only if it plainly appears that petitioner is not entitled to relief. Because petitioner has not demonstrated that he may proceed under § 2241, and because petitioner is not entitled to relief on the merits of his claims, I will dismiss his petition.

ALLEGATIONS OF FACT

The petition offers only a few facts (most of the petition is devoted to reciting case law), but it appears that on November 21, 2013, state authorities in Kentucky charged petitioner with drug trafficking. The state dismissed the charges several weeks later. On February 27, 2014, the United States charged petitioner with conspiring to distribute oxycodone, in violation of 21 U.S.C. §§ 841(a)(1), 846, presumably as a result of the same conduct that prompted the November arrest.

Petitioner contends that: (1) his federal controlled substances conviction violates the Tenth Amendment because Congress did not have the authority to pass 21 U.S.C. §§ 841 and 846, and the federal courts did not have "criminal jurisdiction" to convict him of that offense; and (2) 18 U.S.C. § 922(g)(1) violates the Second Amendment.

ANALYSIS

Petitioner contends that his conviction and, as a result, his ongoing confinement, is unconstitutional. To collaterally attack a conviction or sentence, a federal prisoner must ordinarily file a petition pursuant to 28 U.S.C. § 2255. *Brown v. Caraway*, 719 F.3d 583, 586 (7th Cir. 2013). But a federal prisoner "may petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" *Brown v. Rios*, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). Subsection (e) is known as § 2255's savings clause. "Inadequate or ineffective means that a legal theory that could not have been presented under § 2255 establishes the petitioner's actual innocence." *Hill v. Werlinger*, 695 F.3d 644, 648 (7th Cir. 2012) (citation and internal quotation marks omitted). The Seventh Circuit has established that three conditions must be present before a

petitioner can proceed under § 2241 pursuant to the "inadequate or ineffective" exception. First, the petitioner must be relying on a new statutory-interpretation case—rather than on a constitutional case—because § 2255 offers relief to prisoners who rely on new constitutional cases. Second, the petitioner must be relying on a decision that is retroactive on collateral review and that he could not have invoked in his § 2255 petition. Third, the error that the petitioner identifies must be grave enough to be deemed a miscarriage of justice. *Light v. Caraway*, 761 F.3d 809, 812 (7th Cir. 2014), *cert. denied*, 135 S. Ct. 970 (2015); *In re Davenport*, 147 F.3d 605, 611-12 (7th Cir. 1998).

Here, petitioner cannot demonstrate that the first two conditions are present: he has not identified a new statutory interpretation case (in fact, he primarily relies on cases from more than one hundred years ago), much less that some new case applies retroactively on collateral review. Petitioner may not proceed under § 2241, and I must dismiss the petition.

But to be clear, were I to reach the merits of petitioner's claims, I would not afford him the relief he requests. Petitioner cites antiquated case law from the 19th century and argues that "the Federal Branches of Government has [sic] over extended its territorial criminal jurisdiction to claim 'dual sovereignty' by use of 21 U.S.C. §§ 841(a)(1) & 846, unconstitutionally construed judicial construction statutory applications of law that is an Article 1, § 9, cl. 3 prohibited 'Bill of Attainder.'" Dkt. 1, at 3. Petitioner appears to challenge the Controlled Substances Act as an overextension of Congress's authority and of the federal courts' jurisdiction, because his actions, committed within the state's jurisdiction, are not punishable by the federal government. Petitioner relies on case law from 1890 to argue that federal courts have the authority to punish only treason, piracy, offenses on the high seas, offenses against the law of nations, and offenses against the postal system. This argument is

3

frivolous. The Seventh Circuit has expressly held that "convictions for various drug-related activities [are] not constitutionally invalid, given Congress' broad authority to regulate drug-related activity." *United States v. Westbrook*, 125 F.3d 996, 1009 (7th Cir. 1997) (citing *United States v. Rogers*, 89 F.3d 1326, 1338 (7th Cir. 1996)). "We join the other circuits that uniformly have held, after *Lopez,* that it was within the authority of the Congress under the Commerce Clause to create drug laws criminalizing narcotics transactions such as those found under 21 U.S.C. §§ 846 and 841. We hold that 21 U.S.C. §§ 841 and 846 . . . pass constitutional muster." *Id.* at 1009-10.

Petitioner's arguments concerning 18 U.S.C. § 922(g)(1) are also unpersuasive. Section 922(g)(1) provides that

> [i]t shall be unlawful for any person who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

Petitioner argues that the statute violates his Second Amendment right to bear arms. But "[l]ike most rights, the right secured by the Second Amendment is not unlimited." *District of Columbia v. Heller*, 554 U.S. 570, 626 (2008). In issuing *Heller*, the Supreme Court explicitly noted that "nothing in our opinion should be taken to cast doubt on longstanding prohibitions on the possession of firearms by felons[.]" *Id.*; *see also Baer v. Lynch*, 636 F. App'x 695, 697 (7th Cir. 2016) ("[T]he Supreme Court made clear that categorical bans on firearm possession do not necessarily offend the Second Amendment and that some bans, including the one at issue here [18 U.S.C. § 922(g)(1)], are presumptively valid.").[1]

---

[1] The Seventh Circuit has "left open the possibility that a felon might be able to rebut that

Petitioner has not demonstrated that he may proceed under § 2241, and even if he had chosen a viable procedural vehicle, his claims are meritless.

ORDER

IT IS ORDERED that:

1. Petitioner Derrick Herring's petition for a writ of habeas corpus, Dkt. 1, is DENIED, and this case is DISMISSED.

2. The clerk of court is directed to close this case.

Entered August 9, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge

---

presumption by showing that a ban on possession is overbroad as applied to him," *Baer*, 636 F. App'x at 697 (citing *United States v. Williams*, 616 F.3d 685, 693 (7th Cir. 2010)), but petitioner does not bring an as-applied challenge. And even if he did, he cannot bring the claim via § 2241, as discussed above.