IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

DERRICK HERRING,

                Petitioner,                          ORDER

    v.

                                                 16-cv-364-jdp

WILLIAMS,                                          Appeal No. 16-3533

                Respondent.

---

On August 9, 2016, I denied pro se petitioner Derrick Herring's petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. Dkt. 3. Herring filed a notice of appeal, which he then voluntarily withdrew. Dkt. 6 and Dkt. 9. He also filed a motion to alter or amend judgment, Dkt. 5, which I denied on September 9, 2016, Dkt. 10. Now Herring has filed a second notice of appeal in this case. Dkt. 11. Because Herring has not paid the $505 fee for filing an appeal, I construe his notice as a request for leave to proceed *in forma pauperis* on appeal. I will deny the request because Herring's appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3).

To find that an appeal is taken in good faith, a court need find only that a reasonable person could suppose the appeal has some merit. *Walker v. O'Brien*, 216 F.3d 626, 631-32 (7th Cir. 2000). However, I cannot certify that Herring's appeal is taken in good faith. I dismissed his petition because Herring raises no claims that could entitle him relief under § 2241. Having reviewed Herring's motion and my orders, I am convinced that no reasonable person could suppose that his appeal has some merit.

Because I am certifying Herring's appeal as not having been taken in good faith, he cannot proceed with his appeal without prepaying the $505 filing fee unless the court of

appeals gives him permission to do so. Under Fed. R. App. P. 24, Herring has 30 days from the date of this order in which to ask the court of appeals to review this court's denial of his request for leave to proceed *in forma pauperis* on appeal. With his motion, he must include an affidavit as described in the first paragraph of Fed. R. App. P. 24(a), with a statement of issues he intends to argue on appeal. Also, he must send along a copy of this order. Herring should be aware that he must file these documents in addition to the notice of appeal that he has filed previously.

If Herring does not file a motion requesting review of this order, the court of appeals might not address the denial of leave to proceed *in forma pauperis* on appeal. Instead, it may require Herring to pay the entire $505 filing fee before it considers his appeal. If Herring does not pay the fee within the deadline set, it is possible that the court of appeals will dismiss the appeal.

ORDER

IT IS ORDERED that petitioner Derrick Herring's request for leave to proceed *in forma pauperis* on appeal is DENIED because I certify that his appeal is not taken in good faith. If Herring wishes to appeal this decision, he must follow the procedure set out in Fed. R. App. P. 24(a)(5). The clerk of court is requested to ensure that Herring's obligation to pay the $505 filing fee for the appeal is reflected in this court's financial records.

Entered October 3, 2016.

BY THE COURT:

/s/

_____
JAMES D. PETERSON
District Judge